[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1116

 UNITED STATES,

 Appellee,

 v.

 RICHARD D. MANGONE,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.

 Bruce Green on brief for appellant.
 Donald K. Stern, United States Attorney, Paul G. Levenson and
Victor A. Wild, Assistant United States Attorneys, on brief for
appellee.

September 28, 1998

 Per Curiam. Richard D. Mangone appeals from a ruling
made during his resentencing, following a remand ordered by
this court. See United States v. Mangone, 105 F.3d 29 (1st Cir.
1997). He does not appeal from the sentence itself, which was
within the applicable guideline sentencing range. The specific
issue is whether the district court erred in refusing Mangone's
request at his resentencing hearing that the proceedings be
conducted before a different judge. The request stemmed from
defense counsel's contention that arguments that the government
made in its sentencing memorandum violated a stipulation
entered by the parties regarding the amount of the loss
attributable to Mangone for purposes of calculating an offense
level under the fraud guideline. See U.S.S.G. 2F1.1. 
 At Mangone's initial sentencing, the parties informed
the court that they had agreed upon the following stipulation:
 The parties stipulate . . . that for the
 purposes of calculating loss under the
 Section 2F1.1, that the loss attributable
 to Mr. Mangone's offense is in the range
 of ten to $20 million. The stipulation
 reserves for the defendant the right to
 argue that even those numbers overstate
 the seriousness of the offense, and the
 stipulation reserves for the government
 the right to seek restitution in an amount
 above $20 million, on the grounds that the
 actual losses attributable to a variety of
 causes, but related to loan, fraudulent
 loans, were above the $20 million figure.

Addendum to Appellant's Brief, pp. 14-15. The stipulation was
entered after Mangone was tried and convicted. It was not made
as part of a guilty plea.
 Mangone argues on appeal, as he did below at his
resentencing hearing, that the government violated the terms of
the stipulation by arguing in its sentencing memorandum that 1)
the actual loss exceeded the amount stipulated to, and 2) the
dollar amount of the loss understated the harmfulness and
seriousness of Mangone's conduct. See U.S.S.G. 2F1.1, comment.
(n.9) (1990).
 I. Actual Loss Exceeded Stipulated Loss Amount
 On appeal, Mangone argues that the government
"challenge[d] the existence of a fact to which they stipulated
to." Appellant's Brief, p. 10. The "fact" that the parties
stipulated to, however, was that "for the purposes of
calculating loss under the Section 2F1.1, . . . the loss
attributable to Mr. Mangone's offense is in the range of ten to
$20 million." The parties did not stipulate that the actualloss, or the loss for any other purposes, was within that
range. To the contrary, the stipulation articulated the
government's position that the "actual" amount of the loss, for
purposes of calculating restitution, exceeded $20 million. The
stipulation did not bar the government from restating that
position in its sentencing memorandum, where it expressly
stated that an upward departure on that basis would not be
defensible.
 II. Dollar Loss Understates Seriousness of Offense
 Although there is no express promise to the effect,
Mangone argues that the stipulation contained an implied
promise that the government would not argue for an upward
departure on the ground that the stipulated loss amount
understates the seriousness of the offense. He argues that the
promise should be inferred from his specific reservation of the
right to make the opposite argument: that the stipulated loss
amount overstates the seriousness of the offense.
 Neither the guidelines nor logic alone supports
Mangone's argument. There is nothing necessarily contradictory
about agreeing to a dollar amount of the loss but arguing, as
the government did in its sentencing memorandum, that the
monetary calculation understates the seriousness of the offense
as measured by non-economic factors: "impact on individuals and
upon the community." Appellee's Addendum, p. 7. The guidelines
expressly recognize that "[d]ollar loss often does not fully
capture the harmfulness and seriousness of the conduct."
2F1.1, comment. (n.9). Therefore, merely that the stipulation
contained an agreement to the dollar amount of the loss for
purposes of calculating the offense level under 2F1.1 is not
reason to assume that the stipulation barred the parties from
arguing that the dollar amount under- or overstated the
seriousness of the offense.
 Neither does Mangone's express reservation of the
right to argue that the dollar amount of the loss overstates
the seriousness of the offense compel a finding that the
government had no right to make the reciprocal argument that
the seriousness of the offense was understated by the dollar
amount of the loss. It is equally reasonable to assume that if
Mangone had the right to make his overstatement argument, the
government was not prohibited from making the opposite
argument. Mangone has failed to adequately explain why the
court should read into the stipulation a promise that is not
contained therein and does not logically follow from the
parties' stipulation to the dollar amount of the loss for
purposes of 2F1.1. 
 "[T]o be availing, a party's expectation must be
reasonable." United States v. Hogan, 862 F.2d 386, 388 (1st
Cir. 1988). We conclude that it was unreasonable for Mangone
to read into the stipulation to the dollar amount of the loss,
a promise that the government would not argue that the dollar
amount understates the seriousness of the offense. Therefore,
Mangone's argument that the government broke that promise is
without merit. See United States v. Connolly, 51 F.3d 1, 4
(1st Cir. 1995) (rejecting defendant's interpretation of plea
agreement where it "would not be reasonable to read the
agreement to establish . . . a promise by the government not to
move for a departure"); United States v. Miller, 993 F.2d 16,
20 (2d Cir. 1993) (no breach where there was "no basis in the
Guidelines or in logic for Miller's proposition that an
agreement by the government not to oppose a defendant's motion
for a downward departure should, in the absence of an express
agreement, bar the government from seeking an upward departure
on appropriate grounds"). The district court did not err in
denying Mangone's request to be resentenced by a different
judge.
 Mangone's sentence is affirmed. See Loc. R. 27.1.